**Gurjit SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71519.

Agency No. A73–428–023.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 25, 2004.

Gurjit Singh, Richmond Hill, NY, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Efthimia S. Pilitsis, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before LEAVY, THOMAS, and FISHER, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Gurjit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal of an immigration judge's denial of his applications for asylum and withholding of deportation, and denying his motion to remand for relief under Article 3 of the Convention Against Torture (the "Convention"). We have jurisdiction under 8 U.S.C. § 1105a(a). *Kalaw. v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review for substantial evidence. *Chand v. INS*, 222 F.3d 1066, 1073 (9th Cir.2000). We grant the petition and remand for further proceedings.

The BIA's adverse credibility determination was based solely on omissions and inconsistencies between Singh's asylum application and his asylum hearing testimony. The BIA's adverse credibility finding is not supported by substantial evidence because it is based on minor date discrepancies for which Singh had a reasonable explanation, *see Bandari v. INS*, 227 F.3d 1160, 1166 (9th Cir.2000), and because Singh's asylum application was not as detailed as his hearing testimony, *see Singh v. INS*, 292 F.3d 1017, 1021 (9th Cir.2002) (adverse credibility determinations cannot be based on trial testimony that is more detailed than the applicant's initial statements).

Singh does not challenge the BIA's denial of his motion to remand for relief under the Convention and therefore it is waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

Because the BIA's adverse credibility finding was not supported by substantial evidence, we remand to the BIA for further proceedings for a decision on the merits of Singh's asylum and withholding of deportation claim. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED AND REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

